FILED
 2012 Jul-16 AM 10:29
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **D2K, INC., d/b/a Suzuki of Huntsville, *et al.*,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Civil Action No. CV-09-S-2436-NE |
| ) | |
| **AMERICAN SUZUKI MOTOR CORP.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This action is before the court on defendant's motion to amend the scheduling order.[1] This case was filed over two years ago, on December 2, 2009,[2] and resolution of the case has been repeatedly delayed by a discovery dispute between the parties and the complexities of electronic discovery. The details of the parties' electronic discovery dispute are set forth in the court's March 15, 2012 Order.[3] That order directed the parties to obtain a new forensic, electronic discovery expert and to conduct limited electronic discovery from twenty-four electronic storage devices in plaintiffs' possession. The electronic discovery expert selected by the parties

---

[1] Doc. no. 222 (Motion to Amend).

[2] *See* doc. no. 1 (Complaint).

[3] *See* doc. no. 208 (Order on Defendant's Motion for Sanctions).

submitted an estimate of the time required to search the designated electronic devices,[4] and the court entered a scheduling order in accordance with those estimates.[5]

Under the court's March 15, 2012 electronic discovery order and the scheduling order, defendant was to receive by June 10, 2012, all data resulting from the additional electronic discovery ordered by the court.[6]  The scheduling order provides that dispositive motions are due on September 14, 2012, and the parties are to be ready for trial by November 2012, nearly three years after this case was filed.[7]  Thus, the current schedule provides defendant with over three months to review the additional discovery before dispositive motions are due.  Additionally, at a hearing held on the parties' discovery dispute on February 28, 2012, the court indicated that defendant may file a motion for additional discovery, if additional discovery should prove necessary due to the electronic discovery produced by plaintiffs.

Defendants now seek to extend the deadlines in the current scheduling order by 120 days in order to review the electronic discovery for the purpose of determining whether "sanctions are justified . . . and to determine whether additional fact discovery is necessary and justified."[8]  Defendant represents that the additional electronic

---

[4] *See* doc. no. 214-1 (Estimate by Integrid, Inc.).
[5] Doc. no. 215 (Amended Scheduling Order).
[6] *See id.* at 5-6.
[7] *See id.* at 7-8.
[8] Motion to Amend, at 4.

discovery produced "nearly thirty gigabytes" of data that defendant must review, and that the review of that data "will take over 6,000 man hours."[9] Defendant also represents that the electronic discovery data was not produced in "a standard, industry-accepted manner," and to correct this error will require "approximately 3-5 days."[10]

Scheduling orders "may be modified only 'upon a showing of good cause.' [Federal Rule of Civil Procedure] 16(b). This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). *See also Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (agreeing with the analysis in *Sosa* in that "'Rule 16(a)'s good cause standard' precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension," and noting that "[i]f [a] party was not diligent, the [good cause] inquiry should end.") (quoting *Sosa*, 133 F.3d at 1418; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)) (alterations in original).

The court finds that the scheduling order should not be modified for the

---

[9] *Id.* at 2-3.
[10] *Id.* at 3.

following reasons. First, the court finds that the current scheduling order provides sufficient time for defendant to review the electronic discovery. Plaintiffs reviewed the electronic discovery in thirty days for the purpose of culling any privileged materials.[11] Defendant should be able to review the same material over the provided period of three months. Second, the majority of the devices searched — nineteen out of the twenty-four devices — were available to defendant as of November, 2010, but defendant elected not to seek discovery from those devices at that time.[12] Plaintiffs represent that more than sixty percent of the data produced by the search of the devices ordered by the court's March 15, 2012 order came from those nineteen devices.[13] Third, defendant's proposed amended scheduling order provides for additional discovery, but defendant has not shown that additional discovery is necessary. Finally, and most importantly, the resolution of this case has been delayed for far too long. The court is not convinced that defendant is not seeking further delay for the purpose of depleting plaintiffs' resources.

Accordingly, defendant's motion to amend the scheduling order is DENIED.

---

[11] *See* Amended Scheduling Order, at 6.

[12] *See* doc. no. 117-11 (September 22, 2010 Correspondence of Counsel), at 3.

[13] *See* doc. no. 223 (Response in Opposition to Motion to Amend).

DONE this 16th day of July, 2012.

_____
United States District Judge