FILED
 2012 Sep-13  PM 02:26
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| D2K, INC., d/b/a SUZUKI OF HUNTSVILLE, SHOALS SUZUKI, INC., VARSITY SUZUKI, INC., and GARY LINAM,  )<br>)<br>)<br>)<br>)<br>)<br>**Plaintiffs,**  )<br>)<br>vs.  )<br>)<br>AMERICAN SUZUKI MOTOR CORP.,  )<br>)<br>**Defendant.** | Civil Action No. CV-09-S-2436-NE |

**MEMORANDUM OPINION AND ORDER**

This matter is, once again, before the court — this time on plaintiffs' motion to strike the expert disclosure and report of Herbert E. Walter,[1] a newly retained defense expert witness whose existence was apparently first disclosed on August 13, 2012.[2] In order to adjudicate the motion to strike, this court must answer two questions: *i.e.*, (1) Did defendant disclose Mr. Walter as an expert in violation of the April 5, 2012 scheduling order?;[3] and (2) Did Mr. Walter write his report in reliance on data not produced in discovery that, nonetheless, was responsive to plaintiffs' March 22, 2010 requests for production? For the reasons explained below, this court will deny the

---

[1] *See* doc. no. 226 (Plaintiffs' Motion to Strike Defendant's Expert Disclosure and Report).

[2] *See id.*, exhibit A (Defendant's Rule 26 Disclosure of Retained Expert Witness).

[3] *See* doc. no. 215 (Electronic Discovery Scheduling Order).

motion to strike the disclosure and grant the motion to strike the report.

## I. PROCEDURAL HISTORY

This court has issued numerous amended scheduling orders and repeatedly granted extensions for disclosing expert witnesses and reports. Under the original March 30, 2010 scheduling order, the parties were directed to complete all discovery by February 4, 2011.[4] Further, plaintiffs were required to disclose their experts and reports by November 12, 2010, and defendant was required to disclose its experts and reports by December 13, 2010.[5]

On November 10, 2010, however, this court granted a 120-day extension, which pushed the parties' discovery cutoff to June 3, 2011, plaintiffs' expert disclosure deadline to March 11, 2011, and defendant's expert disclosure deadline to April 12, 2011.[6]

On March 3 of the following year, this court extended plaintiffs' disclosure expert deadline to March 31, 2011, and defendant's to May 2, 2011.[7]

On April 27, 2011, this court extended defendant's expert disclosure deadline

---

[4] *See* doc. no. 16 (Scheduling Order), at 1.

[5] *See id.*, at 2.

[6] *See* First Order Granting Plaintiffs' Unopposed Motion for Extension of Time to Complete Discovery. This order appears without a document number as a margin order in the civil docket.

[7] *See* Second Order Granting Plaintiffs' Unopposed Motion to Amend the Scheduling Order. Again, this order appears without a document number as a margin order in the civil docket.

to May 16, 2011.[8]

In accordance with the amended deadlines, plaintiffs disclosed their expert on March 31, 2011, defendant disclosed its expert on May 16, 2011, and both parties moved to exclude those experts under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), in the summer of that year.[9]

On March 15, 2012, this court denied all pending dispositive and *Daubert* motions without prejudice and announced its plan to issue a revised scheduling order after the parties had designated an independent electronic discovery expert, and after that expert had estimated the amount of time that he would need to search plaintiffs' electronic devices.[10]

Finally, on April 5, 2012, this court issued a scheduling order that left the discovery cutoff unchanged,[11] and included an "Expert Reports" section that read as follows:

---

[8] *See* Order Granting Defendant's Unopposed Motion to Amend the Scheduling Order. This order appears without a document number as a margin order in the civil docket.

[9] *See* doc. no. 157 (Defendant's Motion to Strike Testimony of Joseph F. Roesner); doc. no. 169 (Plaintiffs' Motion to Strike Testimony of Stanley H. House).

[10] *See* doc. no. 208 (Order that the Motion for Sanctions is Denied and that the Motions for Summary Judgment, Motions to Strike, and Motion to Amend/Correct are all Denied without Prejudice), at 6.

[11] Specifically, the April 5, 2012 scheduling order did not mention a general discovery cutoff and provided that, "[e]xcept as expressly modified by the following, the terms of the scheduling orders previously entered in this action and the March 15 15, 2012 electronic discovery order, as well as any stipulations, limitations, deadlines and other agreements set forth in the report of the parties, remain in effect." *See* doc. no. 215 (Electronic Discovery Scheduling Order), at 5 (alteration supplied).

> Unless modified by court order for good cause shown, the disclosures of expert witnesses — including a complete report under Federal Rule of Civil Procedure 26(a)(2)(B) from any specially retained or employed expert — are due:
>
> from plaintiffs, on or before July 18, 2012; and,
>
> from defendant, on or before August 13, 2012.[12]

When filing their motion to strike, plaintiffs claimed that, "[w]hile the Court's April 5, 2012 Order included revised deadlines for expert disclosures as well as dispositive motions, the purpose and intent of these extended deadlines was to afford [defendant] an opportunity to supplement its disclosures in the event the Court ordered electronic discovery produced by Plaintiffs made supplementation necessary."[13] However, there is nothing in the text of the order to limit the scope of the disclosures to the subjects of plaintiffs' electronic discovery. As defendant disclosed its new expert on the date of the August 13, 2012 deadline,[14] that disclosure complies with the scheduling order. As a result, this court will deny the motion to strike the disclosure.

Further, plaintiffs contend that Mr. Walter relied on approximately 10,600 Excel spreadsheet pages of data not produced in discovery that, nonetheless, was responsive to plaintiffs' March 22, 2010 requests for production.[15] By contrast,

---

[12] *Id.*

[13] Doc. no. 226, at 3 (alterations supplied).

[14] *See id.*, at 2.

[15] *Id.*, at 7; doc. no. 229 (Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion to Strike Defendant's Expert Disclosure and Report), at 4-5.

defendant classifies that Excel spreadsheet data as non-responsive on the grounds that the *discovery requests* asked for copies of defendant's allocation system and retail delivery reports, while the Excel spreadsheet data concerns "national vehicle retail, shipment, transfer, and delivery."[16] Because manufacturers typically allocate vehicles by analyzing dealers' inventory and recent sales history,[17] the discovery requests for information related to vehicle allocation *do* appear to target the data in question.

Regardless of whether that is indeed the case, however, the Excel data falls squarely within the request for "all documents in your custody or control which you claim or contend establish, corroborate, reference, or infer any allegedly wrongful conduct by the Plaintiffs in this action."[18]  In response, defendant argues that,

> [t]o the extent that the Subject Data proves wrongful conduct by Plaintiffs, it does so only in the context of opinions now offered by expert witness Herb Walter, and when Mr. Walter disclosed his opinions, [defendant] identified and produced the materials to Plaintiffs.  At no point before downloading the data requested by Mr. Walter in evaluating the issues posed to him had [defendant] or its counsel made a determination that the Subject Data proved wrongful conduct by the Plaintiffs, although Mr. Walter's opinions based on this data do tend to demonstrate that the Plaintiffs allegations in this case are entirely unfounded.[19]

---

[16] Doc. no. 231 (Defendant's Sur-Reply to Plaintiffs' Reply to Defendant's Response in Opposition to Plaintiffs' Motion to Strike Defendant's Expert Disclosure and Report), at 4-10.

[17] *See* doc. no. 233 (Plaintiffs' Response to Defendant's Sur-Reply to Plaintiffs' Reply to Defendant's Response in Opposition to Plaintiffs' Motion to Strike Defendant's Expert Disclosure and Report), at 5.

[18] *See id.* (citing Request for Production No. 9 from Plaintiffs' Supplemental Request for Production of Documents filed November 16, 2010).

[19] Doc. no. 231, at 10 (alterations supplied).

In short, according to defendant's sur-reply brief, neither defendant nor its counsel recognized that the data was relevant to the discovery until Mr. Walter requested that data in order to evaluate the issues that, presumably, either defendant or its counsel had posed to him. However, instead of filing a motion for leave to extend the discovery cutoff, defendant simply allowed Mr. Walter to rely on relevant but undisclosed data in preparing his expert report. Although it is unknown whether this court would have granted the parties yet another discovery extension, it cannot allow defendant to introduce new data three years after the filing of the complaint[20] and one year after the expiration of the extended discovery cutoff.[21]

For the reasons explained above, the motion to strike Mr. Walter's expert disclosure is DENIED, but the motion to strike his report is GRANTED.

DONE and ORDERED this 12th day of September, 2012.

_____
United States District Judge

---

[20] *See* doc. no. 1 (Complaint filed December 2, 2009).

[21] *See* First Order Granting Plaintiffs' Unopposed Motion for Extension of Time to Complete Discovery (setting discovery cutoff at June 3, 2011); doc. no. 215 (leaving general discovery cutoff unchanged).